# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI COLEMAN,<br><br>            Plaintiff,<br><br>    v.<br><br>DERRAL G. ADAMS, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:06-cv-00836-AWI-WMW PC<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 10)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff Saahdi Coleman ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and was incarcerated at Corcoran Substance Abuse and Treatment Facility in Corcoran, California ("CSTAF") at all times mentioned in his complaint. Plaintiff is suing under section 1983 for the violation of his rights under Fourth, Eighth and Fourteenth Amendment. Plaintiff also alleges state tort claims for negligence and intentional infliction of emotional distress.[1] Plaintiff names Derral G. Adams, M. Divine, G. Martinez, J. H. Close, S. Suryadevara, Kyle, Nyugen, Deering, Quezhun, Smith, and Dierra as defendants. For the reasons set forth below, Plaintiff will be given the opportunity to amend his complaint or proceed only on the claims found cognizable in this order.

///

---

[1] As it is not yet clear whether Plaintiff's federal claims will go to trial, the court declines to address the sufficiency of Plaintiff's state law claims, or whether the court will exercise supplemental jurisdiction over them.

1

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Background**

   **A.     Procedural Background**

Plaintiff filed the original complaint in this action on June 29, 2006. (Doc. #1.) Plaintiff filed an amended complaint on April 14, 2008. (Doc. #10.) This action proceeds on Plaintiff's amended complaint.

   **B.     Factual Background**

On September 4, 2003, Plaintiff was transferred to CSATF. Upon arrival, Plaintiff was given a medical screening. Plaintiff advised medical staff that he had a "pre-existing vision problem". (Compl. ¶ 16.) On December 3, 2003, Plaintiff was given a priority ducat to be seen at the specialty

clinic. For unspecified reasons, Plaintiff's priority ducat was not honored. Plaintiff filed administrative appeals regarding his medical needs but did not receive a response.

On January 6, 2004, Plaintiff fell while climbing off of his top bunk due to his vision problem. Plaintiff was treated by Defendant Kyle. Defendant Kyle noticed a contusion and swelling on his right hand. Plaintiff was given pain medication and an x-ray of his right hand was ordered. Plaintiff continued to file administrative appeals regarding his medical issues. Plaintiff was interviewed by Defendant Kyle on January 28, 2004. Plaintiff was given an eye exam and was prescribed glasses to correct his vision problem.

On January 30, 2004, Plaintiff fell down a flight of stairs because he had difficulty seeing. Plaintiff suffered injuries to his neck, back, ankle, and re-injured his right hand. On February 2, 2004, Plaintiff filed an administrative appeal complaining of inadequate medical care. Plaintiff was prescribed pain medication and an ankle wrap. However, for unspecified reasons, Plaintiff did not receive pain medication or an ankle wrap. Plaintiff continued to file administrative appeals regarding his injuries from falling down the stairs, his vision problems, and migraines that he began developing.

On February 20, 2004, Plaintiff was examined by Defendant Deering. Plaintiff was given an eye exam. Defendant Deering stated that Plaintiff's vision problems were either not correctable or due to stress. Plaintiff filed an administrative appeal complaining that he was not given adequate medical care. Defendant Smith partially granted Plaintiff's appeal by ordering that Plaintiff be placed on the medical line list. On March 19, 2004, Plaintiff was interviewed by Defendant Quezada. Plaintiff was placed on the optometry list and more x-rays of his right hand were ordered. Plaintiff was told that "there has been a significant time delay for optometric evaluations because the institution does not have an optometrist on contract at this time." (Compl. ¶ 34.) On March 25, 2004, Defendant Divine partially granted one of Plaintiff's administrative appeals. Defendant Divine indicated that Plaintiff received appropriate treatment for his condition.

On April 20, 2004, Plaintiff fell while climbing down his top bunk due to his vision problems. Plaintiff was prescribed pain medication and placed on the list to receive a follow-up examination. Plaintiff filed another administrative appeal on April 26, 2004 claiming that his living

3

conditions were unsafe due to his vision problem. On May 4, 2004, Defendants Nyugen and Martinez partially granted Plaintiff's appeal. However, Plaintiff did not receive treatment for his vision problem. On May 7, 2004, Defendant Close partially granted Plaintiff's administrative appeal. Plaintiff was scheduled for an optometry visit.

On June 2, 2004, Plaintiff was examined by the optometrist at the specialty clinic and was prescribed eye glasses for his vision problem. Plaintiff was examined and treated by Defendant Smith for his ankle pain on June 23, 2004. Plaintiff was billed for his eye glasses on July 1, 2004. On August 4, 2004, Plaintiff was examined at the orthopedic specialty clinic and was told that there was a slight deformity in his right hand.

### III. Discussion

#### A. Eighth Amendment Claims - Deliberate Indifference to Serious Medical Needs

Plaintiff's first cause of action alleges that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind," Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

1 | Plaintiff alleges that Defendants Vierra, Smith, Quezada, Deering, Nyugen, Kyle, Suryadevara, Close, Divine, Martinez, and Adams violated Plaintiff's rights under the Eighth Amendment by exhibiting deliberate indifference to his medical needs. "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (quoting Estelle, 429 U.S. at 104). Delay of medical treatment can amount to deliberate indifference. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); McGuckin, 974 F.2d at 1059; Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

### 1. **Defendant Vierra**

Plaintiff alleges that Defendant Vierra (medical technical assistant) was "personally informed" of Plaintiff's prescribed pain medication and Plaintiff did not receive pain medication. (Compl. ¶ 29.) Plaintiff does not allege that Defendant Vierra caused Plaintiff to be deprived of his pain medication or was responsible for providing Plaintiff with his pain medication. Plaintiff also alleges that Defendant Vierra "failed to provide due care to Plaintiff" and was "personally contacted by an emergency room physician and advised to place Plaintiff on the medline list and failed to do so." (Compl. ¶ 59.)

Plaintiff fails to allege that Defendant Vierra acted with deliberate indifference toward Plaintiff's medical needs. Plaintiff has not established a causal connection between Defendant Vierra's actions and the fact that Plaintiff never received pain medication. Nor has Plaintiff alleged that Plaintiff had a "serious" medical need with respect to his need for pain medication or placement on the medline list. Plaintiff has not alleged that Defendant Vierra "kn[ew] of and disregard[ed] an excessive risk" to Plaintiff's safety when she failed to place Plaintiff on the medical line list - Plaintiff has not alleged why he was to be placed on the medical line list, nor what the risk to his health or safety was from the failure to be placed on the medical line list. It is not clear if Plaintiff was supposed to be on the medical line list for injuries he sustained from one of the falls, for his vision problems, or for some other medical reason. Therefore, Plaintiff fails to allege a cognizable claim against Defendant Vierra for deliberate indifference to his medical needs.

### 2. **Defendants Smith and Kyle**

Plaintiff alleges that Defendants Smith (registered nurse) and Kyle (medical doctor) are liable for failing to provide due care to Plaintiff. Plaintiff alleges that Defendant Smith was "personally informed of Plaintiff's medical problems through two separate 'inmate parolee appeal form-602's'" (Compl. ¶ 61.) Plaintiff alleges that Defendant Smith partially granted Plaintiff's appeal on February 27, 2004 and placed Plaintiff on the medical line list. (Compl. ¶ 37.) Plaintiff also alleges that Defendant Smith treated Plaintiff for ankle pain on June 23, 2004. (Compl. ¶ 50.) Defendant Kyle examined Plaintiff and ordered x-rays of his hand and prescribed eye glasses for Plaintiff. (Compl. ¶ 26.) Defendant Kyle also "personally made a specialty clinic appointment" for Plaintiff. Id. It is not clear how the conduct of Defendants Smith and Kyle was deficient or caused a violation of Plaintiff's constitutional rights. Both Defendants took steps to examine and treat Plaintiff. Neither Defendant prevented Plaintiff from receiving further treatment. Therefore, Plaintiff fails to allege a cognizable claim against Defendants Smith and Kyle for deliberate indifference to his medical needs.

### 3. **Defendant Quezada**

Plaitniff alleges that Defendant Quezada (medical doctor) is liable for failing to provide due care to Plaintiff. Defendant Quezada placed Plaintiff on the optometry list and ordered x-rays of

Plaintiff's hand. Additionally, Plaintiff alleges that "Defendant Quezada was fully aware that there was no optometrist on contract" and that Defendant Quezada "failed to issue Plaintiff a lower bunk chrono or provide alternative medical treatment." (Compl. ¶ 64.)

Plaintiff has failed to allege that Defendant Quezada acted with deliberate indifference. It appears Defendant Quezada took steps to address Plaintiff's medical needs. It is not clear how Defendant Quezada is responsible for the fact that CSATF did not employ an in-house optometrist. Plaintiff has not alleged that Defendant Quezada is in charge of hiring optometrists at CSATF. As for Defendant Quezada's failure to provide Plaintiff with a lower bunk chrono, Plaintiff has not established that Defendant Quezada acted with deliberate indifference. Plaintiff has not alleged that he specifically requested a lower bunk chrono or that he informed Defendant Quezada that his current bunk situation placed him at risk of serious injury due to his vision problems. In order for Defendant Quezada to have acted with deliberate indifference, he must have had actual knowledge of the serious risk to Plaintiff and have consciously disregarded that risk. Therefore, Plaintiff has failed to allege a cognizable claim against Defendant Quezada for deliberate indifference to his medical needs.

### 4. **Defendant Deering**

Plaintiff alleges that Defendant Deering (medical doctor) failed to provide due care to Plaintiff. Plaintiff alleges that Defendant Deering "diagnosed Plaitniff's vision problem as stress related" and that "diagnosis was in conflict with Defendant Kyle's diagnosis after conducting the same test." (Compl. ¶ 67.) Plaintiff's allegations against Defendant Deering, at most, amount to medical negligence. Stating a claim for a violation of the Eighth Amendment requires Plaintiff to establish more than negligence - Plaintiff must allege that Defendant Deering was deliberately indifferent. Plaintiff's allegations do not suggest that Defendant Deering acted with deliberate indifference. Plaintiff has not alleged that Defendant Deering was actually aware of a risk of harm to Plaintiff and that Defendant Deering consciously disregarded that risk when he mis-diagnosed Plaintiff's vision problem. Therefore Plaintiff has failed to allege a cognizable claim against Defendant Deering for deliberate indifference to his medical needs.

///

### 5. **Defendant Suryadevara**

Plaintiff alleges that Defendant Suryadevara failed to provide due care to Plaintiff. On July 7, 2004, Defendant Suryadevara granted Plaintiff's inmate appeal. (Compl. ¶ 52.) Plaintiff complains that, even though his appeal was granted, "no investigation of medical staff was conducted." Id. Defendant Suryadevara's failure to investigate medical staff is not a constitutional violation. Therefore, Plaintiff has failed to state a cognizable claim against Defendant Suryadevara.

### 6. **Defendant Close**

Plaintiff alleges that Defendant Close failed to provide due care to Plaintiff. On May 7, 2004, Defendant Close partially granted Plaintiff's inmate appeal and Plaintiff was scheduled for an optometry visit on May 24, 2004. (Compl. ¶ 47.) On May 14, 2004, Defendant Close again partially granted an inmate appeal from Plaintiff and stated that Plaintiff is scheduled to go to the specialty clinic on May 26, 2004. (Compl. ¶ 48.)

It is not clear what Defendant Close did or failed to do that amounts to a constitutional violation. Defendant Close partially granted Plaintiff's appeal and Plaintiff was scheduled to be seen by an optometrist. Plaintiff alleges that Defendant Close accused Plaintiff of falsifying documents in his response to one of Plaintiff's inmate appeals stemming from a dispute as to whether Plaintiff received an x-ray of his hand. (Compl. ¶ 47.) Defendant Close's comments in response to Plaintiff's inmate appeal do not amount to a constitutional violation. Defendant Close's comments did not affect Plaintiff's treatment. Therefore, Plaintiff has failed to state a cognizable claim against Defendant Close.

### 7. **Defendants Divine, Martinez, Nyugen, and Adams**

Plaintiff alleges that Defendants Divine, Martinez, Nyugen (medical doctors), and Adams (warden) failed to provide due care to Plaintiff. Defendants Divine, Martinez, Nyugen, and Adams had actual knowledge of Plaintiff's medical needs through the inmate appeal system. However, Plaintiff did not receive treatment for his medical needs.

Although Plaintiff does not allege how severe his vision problem is, it appears that it is so severe that he is at risk of serious injury. Given the dangerousness of his living conditions due to his vision problem, Plaintiff has sufficiently alleged that he has a serious medical need. Further,

given that Defendants Divine, Martinez, Nyugen, and Adams were informed of Plaintiff's medical condition, his unsafe living conditions, and Plaintiff's prior injuries resulting from his vision problems, Plaintiff has sufficiently alleged that Defendants Divine, Martinez, Nyugen, and Adams acted with deliberate indifference by failing to provide Plaintiff with medical treatment to correct Plaintiff's vision problem. Therefore, Plaintiff states a cognizable claim for deliberate indifference to a serious medical need against Defendants Divine, Martinez, Nyugen, and Adams.

### B. Fourth and Fourteenth Amendment Claims

Plaintiff's third cause of action alleges that Defendants violated Plaintiff's right "to be free of cruel and unusual punishment in violation of the Fourth, Eighth, and Fourteenth Amendment." (Compl. ¶ 101.) The Fourth Amendment deals with unreasonable searches and seizures. Nothing in Plaintiff's complaint implicates Plaintiff's rights under the Fourth Amendment.

Plaintiff has not specified which of his rights under the Fourteenth Amendment were violated. With regard to his substantive due process rights, "where a particular amendment provides and explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted). Therefore, Plaintiff's cruel and unusual punishment claims are analyzed under the Eighth Amendment, not the Fourteenth Amendment.

### C. 42 U.S.C. § 1985 Claim

Plaintiff's seventh cause of action alleges that Defendants violated 42 U.S.C. § 1985. Section 1985 concerns conspiracies to interfere with civil rights, and section 1985(3) concerns conspiracies depriving persons of civil rights. "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971)). "The language requiring intent to deprive of equal protection . . . means that there must be some racial, or perhaps otherwise class-

based, invidiously discriminatory animus behind the conspirators' action." <u>Griffin</u>, 403 U.S. at 102. Plaintiff has neither alleged a conspiracy, nor has he alleged any deprivation of equal protection. Therefore, Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1985.

**IV.     Conclusion and Order**

Plaintiff's complaint states cognizable claims against Defendants Divine, Martinez, Nyugen, and Adams for deliberate indifference to Plaintiff's medical needs. Plaintiff's complaint fails to state any claims under federal law against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff four (4) summonses and four (4) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Hydrick v. Hunter</u>, 500 F.3d 978, 987-88 (9th Cir. 2007). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . .", <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted), meaning Plaintiff must provide enough allegations in his complaint to demonstrate why he is entitled to the relief that he seeks.

///

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Divine, Martinez, Nyugen, and Adams for deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:  March 30, 2009**                     /s/  **William M. Wunderlich**
                                                              UNITED STATES MAGISTRATE JUDGE