1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    SAAHDI COLEMAN,                          CASE NO. 1:06-cv-00836-AWI-SKO PC

10              Plaintiff,                    FINDINGS AND RECOMMENDATIONS

11       v.                                   (Doc. 36)

12    DERRAL G. ADAMS, et al.,                OBJECTIONS DUE WITHIN 30 DAYS

13              Defendants.

14   _____/

15       Plaintiff Saahdi Coleman ("Plaintiff") is a state prisoner proceeding pro se and in forma

16   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On October 9, 2009, Defendants

17   Martinez, Suryadevara, Smith-Lowder, Vierra, Divine, Adams, and Nguyen filed a motion to dismiss

18   on the ground that Plaintiff has failed to state a claim upon which relief may be granted.[1] (Doc. #36.)

19   On November 2, 2009, Plaintiff filed an opposition to Defendants' motion. (Doc. #37.) Defendants

20   filed a reply to Plaintiff's opposition on November 9, 2009. (Doc. #41.) Plaintiff filed a response,

21   otherwise known as a surreply, to Defendants' reply on November 23, 2009. (Doc. #43.)

22   **I.    Background**

23       **A.    Plaintiff's Complaint**

24       This action proceeds on Plaintiff's second amended complaint, filed on April 14, 2009.

25   (Doc. #17.)  Plaintiff claims that Defendants were deliberately indifferent to his vision problem.

26   Plaintiff was seen multiple times by medical officials at the California Substance Abuse Treatment

27   _____

28       [1]On January 8, 2010, Defendant Kyle filed a notice joining the motion to dismiss.

1

Facility and State Prison in Corcoran, California ("CSATF-CSP").  Plaintiff complained about his vision problems and requested treatment and/or a lower bunk order because Plaintiff had suffered injuries from falling off his upper bunk that had no guard rail or ladder access.

Plaintiff complains that Defendant Vierra failed to provide Plaintiff with pain medication and failed to place Plaintiff on the "med line" list to receive treatment, causing unnecessary and excruciating pain.  Plaintiff claims that Defendants Smith, Deering, Quezada, Close, and Kyle[2] failed to remedy Plaintiff's unsafe living conditions.  Plaintiff also claims that he informed Defendant Nguyen, Divine, Martinez, Adams, and Suryadevara about the unsafe living conditions via the prison's inmate appeal system, but Plaintiff's requests for treatment were denied.   The Court screened Plaintiff's second amended complaint and allowed Plaintiff to proceed against Vierra, Smith, Deering, Quezada, Close, Kyle, Nguyen, Divine, Martinez, Adams, and Suryadevara on the theory that they were aware of an excessive risk to Plaintiff's safety and failed to take action to remedy the risk, either by providing Plaintiff with treatment (pain medication and/or eyeglasses), or by providing Plaintiff with an order (or a "chrono," as described by Plaintiff) permitting Plaintiff to sleep on a lower bunk.

## B.    Defendants' Motion to Dismiss

Defendants argue that they are entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's complaint fails to state a claim upon which relief may be granted. Defendants contend that they are entitled to dismissal because Plaintiff's placement on a top bunk did not pose a substantial risk of serious harm to Plaintiff, and Defendants' refusal to provide Plaintiff with a lower bunk chrono is nothing more than a difference of opinion between Plaintiff and medical professionals. (Notice of Mot. and Mot. to Dismiss; Mem. of P. & A. 7:15-18.) Defendants allege that "Plaintiff's disagreement with the type and adequacy of the medical treatment that he was provided does not rise to the level of a constitutional violation."  (Mot. to Dismiss 8:24-25.) Defendants further argue that "Defendants who were supervisory or adjudicators of Plaintiff[sic] administrative appeals . . . cannot be liable to Plaintiff in either of those capacities."  (Mot. to

---

[2]Defendants Deering, Quezada, and Close have not made an appearance in this action.

Dismiss 8:25-27.) Defendants contend that Defendants Adams, Suryadevara, Divine, and Martinez were supervisory personnel who are only alleged to be aware of the acts of their subordinates through the inmate appeal system and such awareness "cannot serve as an avenue of liability." (Mot. to Dismiss 9:21-23.) Defendants further contend that adjudicators of Plaintiff's administrative appeals cannot be held liable for constitutional violations because prisoners do not have a constitutional entitlement to a specific prison grievance procedure. (Mot. to Dismiss 10:5-9.)

Defendants also argue that Plaintiff's state law claims should be dismissed because they are barred by the applicable statute of limitations. (Mot. to Dismiss 10:21-23.) Defendants argue that the California Tort Claims Act governs lawsuits against public entities and public employees. (Mot. to Dismiss 10:22-24.) Defendants contend that the California Tort Claims Act requires a Plaintiff to first present a written claim with the public entity and must initiate a lawsuit within six (6) months of that written claim being rejected. (Mot. to Dismiss 11:3-11.) Defendants allege that Plaintiff's written claim was denied on March 30, 2005 and Plaintiff's complaint in this action was filed on June 29, 2006–after the six-month period to initiate a lawsuit. (Mot. to Dismiss 11:13-16.) Defendants further argue that in the event that the Court dismisses Plaintiff's federal claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (Mot. to Dismiss 11:22-23.)

### C.    Plaintiff's Opposition

In his opposition, Plaintiff argues that his complaint states a cognizable claim for relief. Plaintiff notes that the Court had already screened Plaintiff's complaint and found that it stated cognizable claims. (Notice of Opp'n Mot. and Opp'n Mot. to Defs.[sic] Mot. to Dismiss; Mem. of P. & A. 4:18-24.) Plaintiff argues that Defendants' failure to place Plaintiff in a lower bunk, in conjunction with Defendants' failure to treat Plaintiff's vision problem, posed a substantial risk of serious harm to Plaintiff's safety. (Opp'n 6:19-27.) Plaintiff also argues that Defendants' "difference of opinion" defense lacks merit because Defendants cannot be excused from failing to provide a treatment or solution that would have abated the risk of suffering further injury from falling off his bunk. (Opp'n 7:16-8:8.) Plaintiff also argues that any person, trained or untrained as

///

1   a medical professional, would have concluded that the failure to address Plaintiff's condition was

2   a serious problem.  (Opp'n 9:7-15.)

3          Plaintiff also contends that Defendants Adams, Suryadevara, Divine, and Martinez are liable

4   for Plaintiff's injuries because they personally participated in the constitutional violation by

5   processing Plaintiff's appeals, becoming aware of the serious risk to Plaintiff's safety, and failing

6   to act on it.  (Opp'n 11:1-20.)  Plaintiff specifically requested either treatment for his eyes or

7   modifications to his bunk that would have prevented the risk of injury; his requests were denied.

8   (Opp'n 12:8-28.)

9          Finally, Plaintiff argues that his state law claims should not be dismissed because equitable

10  tolling should apply to extend the limitations period for filing his state law claims.  (Opp'n 15:18-

11  17:14.)  Plaintiff contends that he attempted to file suit within the six month limitations period but

12  was "impeded" by Defendant Adams and his subordinates.  (Opp'n 13:21-25.)  Plaintiff contends

13  that a copy of the "Corcoran Legal Mail Log" reveals that Plaintiff attempted to file his "state

14  complaint" against Defendants on June 27, 2005.  (Opp'n 15:26-16:1.)  Plaintiff claims he attempted

15  to file a "state complaint" against Defendants eight times.  (Opp'n 14:2-4.)  Plaintiff further contends

16  that on May 30, 2006, Plaintiff attempted to file a "state complaint" against Defendants with a

17  "'Nunc Pro Tunc' Motion" requesting that the complaint be "back dated to June 27, 2005," the date

18  Plaintiff first attempted to file his complaint.  (Opp'n 16:5-13.)  Plaintiff claims that the Hanford

19  Superior Court never received Plaintiff's complaint and after attempting to file for over a year,

20  Plaintiff filed his federal complaint in this action.  (Opp'n 16:19-24.)

21          **D.    Defendants' Reply**

22          In their reply, Defendants reiterate that Plaintiff's allegations do not establish that they acted

23  with deliberate indifference.  (Reply Brief in Supp. of Mot. to Dismiss 2:9-13.)  Defendants

24  characterize their actions as "negligence, inadvertence, or differences in judgment" which do not rise

25  to the level of a constitutional violation. (Reply 2:14-15.) Defendants further argue that supervisory

26  personnel are not liable for negligently supervising their subordinates.  (Reply 2:23-27.)

27          Defendants also argue that equitable tolling cannot apply to save Plaintiff's state law causes

28  of actions.  (Reply 3:9-25.)  Defendants argue that they did not receive notice of Plaintiff's claims

1   because Plaintiff never filed a claim, and Plaintiff's allegations that he attempted to file claims in

2   state court are not supported by Plaintiff's evidence. (Reply 3:20-25.) Defendants note that the legal

3   mail log submitted by Plaintiff is not authenticated and only shows that documents were sent to

4   different courts. (Reply 3:21-23.)  The log does not reveal the contents of those documents. (Reply

5   3:23-24.)

6       **E.      Plaintiff's Surreply**

7       On November 23, 2009, Plaintiff filed a response to Defendants' reply. (Doc. #43.) In terms

8   of proper motion practice, the Local Rules explicitly recognize the filing of a motion, an opposition

9   to the motion, and a reply to the opposition. See Local Rule 230(b)-(d).  The rules governing motion

10  practice in prisoner actions also make reference to only a motion, opposition, and reply. See Local

11  Rule 230(l).  "All such motions will be deemed submitted twenty-eight (28) days after the service

12  of the motion or when the reply is filed, whichever comes first."  Local Rule 230(l).

13      Neither the Federal Rules of Civil Procedure nor the Local Rules explicitly recognize

14  Plaintiff's filing, otherwise known as a surreply.   Plaintiff has not filed a motion requesting

15  permission to file a surreply and the Court did not ask Plaintiff to submit a surreply.  Thus, Plaintiff's

16  filing is improper and the Court will not consider it while ruling on Defendants' motion to dismiss.

17  **II.    Discussion**

18      Defendants argue that they are entitled to dismissal of this action under Federal Rule of Civil

19  Procedure 12(b)(6) because Plaintiff's complaint fails to state a claim upon which relief may be

20  granted under Section 1983.

21      In determining whether a complaint fails to state a claim, the Court uses the same pleading

22  standard used under Federal Rule of Civil Procedure 8(a).   Under Rule 8(a), a complaint must

23  contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

24  R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

25  allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

26  accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.

27  Twombly, 550 U.S. 544, 555 (2007)).   "[A] complaint must contain sufficient factual matter,

28  accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550

U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

Defendants raise four arguments in support of their motion to dismiss. First, Defendants argue that Plaintiff's eye problem and top bunk issues did not pose a substantial risk of serious harm to Plaintiff and Defendants' response to Plaintiff's complaints was not deliberately indifferent. Second, Defendants argue that Plaintiff fails to state a claim against the supervisory Defendants (Adams, Suryadevara, Divine, and Martinez) for their role in Plaintiff's treatment. Third, Defendants argue that Plaintiff fails to state a claim against the Defendants whose participation in the alleged constitutional violations is limited to processing Plaintiff's administrative complaints. Fourth, Defendants argue that Plaintiff's state law claims are barred by the statute of limitations.

A.    Serious Medical Needs and Deliberate Indifference

Defendants claim that Plaintiff's allegations do not rise to the level of an Eighth Amendment violation. Defendants contend that Plaintiff's placement on a top bunk did not pose a substantial risk of serious harm to Plaintiff and Defendants did not act with deliberate indifference because their refusal to provide Plaintiff with a lower bunk assignment was merely a difference of opinion between Plaintiff and Defendants.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind," Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met

6

1   where the prison official's act or omission results in the denial of "the minimal civilized measure

2   of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The subjective

3   requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison

4   official acts with "deliberate indifference" to inmate health or safety.  Id. (quoting Wilson, 501 U.S.

5   at 302-303).   A prison official acts with deliberate indifference when he/she "knows of and

6   disregards an excessive risk to inmate health or safety." Id. at 837.  "[T]he official must both be

7   aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,

8   and he must also draw the inference."  Id.

9        "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action

10  under § 1983." Estelle, 429 U.S. at 105.  To state an Eighth Amendment claim based on deficient

11  medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately

12  indifferent response by the defendant.  Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009)

13  (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).  A serious medical need is shown by

14  alleging that the failure to treat the plaintiff's condition could result in further significant injury, or

15  the unnecessary and wanton infliction of pain.  Id.  A deliberately indifferent response by the

16  defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical

17  need and harm caused by the indifference.  Id.  To constitute deliberate indifference, there must be

18  an objective risk of harm and the defendant must have subjective awareness of that harm.  Id.

19       To state a cognizable claim under the Eighth Amendment, Plaintiff must allege sufficient

20  facts to support the objective prong that sleeping on the top bunk combined with the Defendant's

21  failure to treat Plaintiff's vision problem posed a "sufficiently serious" threat to Plaintiff's health or

22  safety.   Plaintiff has bolstered his contention that the threat was "sufficiently serious" with

23  allegations that Plaintiff suffered substantial injury on multiple occasions from falling off his bunk.

24  In his second amended complaint, Plaintiff states that on January 6, 2004, he fell off his bunk and

25  suffered "a contusion and swelling on Plaintiff's right hand," received x-rays and was prescribed

26  pain medication (Second Am. Compl. ¶¶ 22-23); on January 30, 2004, he fell down a flight of stairs

27  and was taken to a hospital where he received a neck brace, ankle wrap, and pain medication (Second

28  Am. Compl. ¶ 28); and on April 20, 2004, he fell off his bunk a second time and was seen by

7

1    medical staff and was prescribed pain medication (Second Am. Compl. ¶ 47).  The Court finds these

2    allegations to be sufficient at the pleading stage to support Plaintiff's conclusion that he was exposed

3    to a "sufficiently serious" threat to his health or safety.

4           Plaintiff must also allege sufficient facts to support the subjective prong that Defendants were

5    aware of the sufficiently serious threat and their response to it was deliberately indifferent.

6    Defendants argue that their response was not deliberately indifferent because it was a mere difference

7    in opinion.  Defendants cite to Estelle in support of their contention that a medical decision not to

8    provide a particular course of treatment fails to rise to the level of deliberate indifference.  Estelle,

9    429 U.S. at 107 ("A medical decision . . . does not represent cruel and unusual punishment.  At most

10   it is medical malpractice. . . .")  Whether Defendants' decision to not assign Plaintiff to a lower bunk

11   or provide treatment for his vision problem was a mere medical judgment or whether it was a

12   deliberately indifferent response to a substantial risk to Plaintiff's safety is a question not

13   appropriately answered at this stage in litigation.  In a motion for summary judgment or at trial

14   Defendants may be able to present evidence that demonstrates that their subjective intent falls short

15   of the deliberate indifference standard.  The Court finds that, at this juncture, Plaintiff has satisfied

16   the pleading requirement and has alleged sufficient facts to defeat Defendants' motion to dismiss.

17          **B.     Claims Against Supervisory Defendants**

18          Defendants contend that Defendants Adams, Suryadevara, Divine, and Martinez cannot be

19   liable under a theory of respondeat superior.

20          Supervisory personnel are generally not liable under Section 1983 for the actions of their

21   employees under a theory of respondeat superior and, therefore, when a named defendant holds a

22   supervisory position, the causal link between him and the claimed constitutional violation must be

23   specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld,

24   589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief

25   under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that

26   would support a claim that supervisory defendants either personally participated in the alleged

27   deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

28   promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of

1  constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885

2  F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th

3  Cir. 1989).

4        Defendants are correct in asserting that supervisory personnel are not generally liable under

5  Section 1983 for the actions of their subordinates.  However, Plaintiff has alleged sufficient facts to

6  hold Defendants Adams, Suryadevara, Divine, and Martinez directly liable for their participation in

7  the alleged deprivation of Plaintiff's constitutional rights.  Defendants contend that mere

8  "awareness" of the negligent acts of their subordinates is not sufficient to hold them liable under

9  Section 1983.  However, Plaintiff has alleged more that mere negligence.  See discussion, supra, Part

10 II.A.  Defendants' awareness of the fact that Plaintiff was not receiving treatment for his vision

11 problem and did not receive a lower bunk assignment is sufficient to hold them liable for their failure

12 to act.  Plaintiff has alleged sufficient facts to hold Defendants Adams, Suryadevara, Divine, and

13 Martinez liable for their participation in the alleged deprivation of Plaintiff's constitutional rights.

14        **C.    Claims For Processing Administrative Complaints**

15        Defendants alternatively argue that adjudicators of administrative grievances cannot be held

16 liable for the alleged insufficient medical care that Plaintiff received.  Defendants cite Ramirez v.

17 Galaza, 334 F.3d 850, 860 (9th Cir. 2003), Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and

18 a number of out of circuit cases for the proposition that Plaintiff lacks a constitutional entitlement

19 to a specific prison grievance procedure.  Defendants also cite Buckley v. Barlow, 997 F.2d 494, 495

20 (8th Cir. 1993), for the proposition that actions in reviewing a prisoner's administrative appeal

21 cannot serve as a basis for liability under Section 1983.

22        Defendants' reading of Ramirez, Mann, Buckley, and the out of circuit cases is flawed.

23 Nowhere in Ramirez, Mann, or  Buckley does the Ninth or Eighth Circuit hold that "actions in

24 reviewing a prisoner's administrative appeal cannot serve as the basis for liability under Section

25 1983."  (Mot. to Dismiss 10:7-8.)

26        In Mann, the Ninth Circuit held that a state's unpublished policy statements establishing a

27 grievance procedure did not create a constitutionally protected liberty interest.  The Ninth Circuit did

28 not discuss Mann's claim in the context of any specific constitutional right, but state-created liberty

interests are an element of Fourteenth Amendment due process claims. See Sandin v. Conner, 515 U.S. 472, 484 (1995) ("States may under certain circumstances create liberty interests which are protected by the Due Process Clause.")

In Ramirez, the Ninth Circuit held that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez, 334 F.3d at 860 (citing Mann, 855 F.2d at 640). The Ninth Circuit applied that proposition to reject "Ramirez's claimed loss of a liberty interest in the processing of his appeals." Id.

In Buckley, the Eighth Circuit similarly held that a prison grievance is a procedural right only and does not confer any substantive right upon inmates. Buckley, 997 F.2d at 495. "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Id. (citing Azeez v. DeRobertis, 568 F. Supp. 8 (N.D. Ill. 1982)) (emphasis added). In Buckley, the Eighth Circuit's holding was limited to rejecting a Section 1983 claim against a defendant for refusing to pick up his completed grievance form and against another defendant for refusing to answer Plaintiff's grievances. Buckley's grievance complained that a prison restitution order constituted cruel and unusual punishment because it deprived him of his ability to purchase personal hygiene items and postage for personal mail. Id. at 495. Notably, the Eighth Circuit separately concluded that the denial of certain personal hygiene items was insufficient to state a claim for cruel and unusual punishment. Id. at 496.

Taken together, Mann, Ramirez, and Buckley cannot be read broadly enough to support the proposition that the processing of an administrative appeal cannot, in any circumstances, form the basis of a claim to relief under Section 1983. Mann, Ramirez, and Buckley are limited to holding that a Plaintiff has no substantive right to a prison grievance system and that due process claims based on the denial of or interference with a prisoner's access to a prison grievance system are not cognizable. Thus, if a prisoner were to raise a claim premised on an asserted denial of due process caused by denied or obstructed access to a prison's administrative grievance system, the claim would not be cognizable under Mann, Ramirez, and Buckley.

Here, Plaintiff is not claiming a loss of a substantive right in the processing of his appeals caused by denied or obstructed access to a prison grievance system. Plaintiff's Section 1983 claim

10

is not premised on Defendants' failure to process his grievances, consider evidence, hear witnesses, provide written findings or otherwise deny Plaintiff's administrative complaints without adequate process.  Plaintiff is raising an Eighth Amendment claim, not a Fourteenth Amendment claim. Plaintiff's reference to the administrative complaint system merely bolsters his allegation that supervisory personnel had actual awareness of the risk to Plaintiff's safety.  Nothing in the cases cited by Defendants bars Plaintiff from proceeding on that theory.  The decisions in <u>Mann</u> and <u>Ramirez</u> do not touch upon whether an appeal reviewer's actions can be considered "cruel and unusual" within the meaning of the Eighth Amendment.

The Court finds it significant that in <u>Buckley</u>, the Eighth Circuit found it necessary to decide Buckley's due process claims and Eighth Amendment claims separately.  The Eighth Circuit found that Buckley's due process claim was not cognizable because Buckley has no substantive right to a prison grievance system.  In order to dismiss Buckley's complaint, the Eighth Circuit further found that Buckley's Eighth Amendment claim was not cognizable because the denial of certain personal hygiene items did not amount to cruel and unusual punishment.  If Defendants' proposition was correct and that actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability in a Section 1983 action under <u>any</u> constitutional theory, the Eighth Circuit's Eighth Amendment analysis would have been unnecessary.

Plaintiff's claim is premised on the fact that Defendants were aware of a substantial risk to his safety and ignored it.  The Court finds that Plaintiff has stated sufficient facts to support a cognizable claim for the violation of his rights under the Eighth Amendment.

**D.    <u>Statute of Limitations</u>**

Defendants argue that Plaintiff's state law claims are barred by the applicable statute of limitations.  Plaintiff raises claims of negligence and intentional infliction of emotional distress under California law.

Under California Government Code § 945.4, a plaintiff may not maintain a suit against a public entity unless the plaintiff first submits a written claim to the public entity and the written claim is rejected in whole or in part.  California Government Code § 945.6 requires that state law claims be filed within six (6) months from the denial of the written claim.  Defendants claim that

1  Plaintiff filed this action fifteen (15) months after the denial.  Plaintiff argues that the doctrine of

2  equitable tolling should apply to save his claim because he attempted to file his state law claims in

3  state court but prison officials prevented him from filing on time.

4       "In ruling on a motion to dismiss, a district court generally 'may not consider any material

5  beyond the pleadings.'"  Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998) (quoting Branch v.

6  Tunnell, 14 F.3d 449, 453 (9th Cir. 1994)).  The Court notes that Plaintiff's second amended

7  complaint makes no reference to when Plaintiff's written claim was denied.  To establish the date

8  on which Plaintiff's written claim was denied and establish that Plaintiff's complaint in this action

9  was filed more than six months after that date, Defendants refer to documents outside the pleadings.

10 Specifically, Defendants ask the Court to take judicial notice of Plaintiff's original complaint.

11 Plaintiff attached a document to his original complaint which appears to be a denial letter from the

12 "Victim Compensation and Government Claims Board."  Defendants rely on this letter to establish

13 that Plaintiff's written claim was denied by the board on March 17, 2005 and the statute of

14 limitations set forth in California Government Code § 945.6 began to accrue on March 17, 2005.

15      The operative pleading in this action is Plaintiff's second amended complaint.  An amended

16 complaint supercedes the original or previously filed complaint.  Ferdik v. Bonzelet, 963 F.2d 1258,

17 1262 (9th Cir. 1992).  Thus, Plaintiff's original complaint is treated as withdrawn.  "[A]fter

18 amendment the original pleading no longer performs any function and is 'treated thereafter as non-

19 existent.'"  Id. (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).  The Court may not consider

20 the denial letter attached to Plaintiff's original complaint to determine when the statute of limitations

21 began to accrue.  See A.R. International Anti-Fraud Systems, Inc. v. Pretoria National Central

22 Bureau of Interpol, 634 F. Supp. 2d 1108, 1119 (E.D. Cal. 2009) (court cannot consider document

23 attached to original complaint to determine whether complaint was timely filed).

24      Defendants cannot overcome this by requesting that the Court take judicial notice of

25 Plaintiff's original complaint.  While the Court may take judicial notice of the fact that Plaintiff filed

26 an original complaint in this action, the Court cannot take judicial notice of the truth of the

27 allegations in Plaintiff's original complaint because those facts are "subject to reasonable dispute."

28 Federal Rule of Evidence 201(b).  Plaintiff's second amended complaint does not include the denial

letter that was attached to Plaintiff's original complaint.  Therefore, there is nothing on the face of the pleadings to establish when the relevant statute of limitations began to accrue.  It is not appropriate for the Court to look beyond the pleadings to evaluate the statute of limitations issue on Defendants' motion to dismiss.  The Court will recommend that Defendants' motion to dismiss based on the statute of limitations be denied without prejudice to Defendants' ability to raise the argument in a motion for summary judgment.[3]

## III.   Conclusion and Recommendation

The Court finds that Plaintiff's second amended complaint pleads sufficient facts to support cognizable claims under the Eighth Amendment against Defendants for deliberate indifference to a substantial risk to Plaintiff's safety.  The Court also finds that Defendants' statute of limitations defense cannot be raised in Defendants' motion to dismiss because it relies on matters outside the pleadings.

Accordingly, it is HEREBY RECOMMENDED that Defendants' motion to dismiss, filed on October 9, 2009, be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised

///

///

---

[3] The Court notes that Plaintiff attempts to oppose Defendants' statute of limitations defense by claiming that equitable estoppel (erroneously referred to as equitable tolling by Plaintiff) applies to save his claim from dismissal. Plaintiff's complaint alleges no facts to suggest tolling would apply.  The applicability of the doctrine of equitable estoppel must be apparent on the face of Plaintiff's complaint because Plaintiff "must plead with particularity the facts which give rise to the claim of [equitable estoppel]."  Guerrero v. Gates, 442 F.3d 697, 706-707 (9th Cir. 2006) (quoting Conerly v. Westinghouse Elec. Corp., 623 F.2d 117, 120 (9th Cir. 1980)) (emphasis added).  "[F]ederal courts have repeatedly held that plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegation in their pleadings; this rule applies even where the tolling argument is raised in opposition to summary judgment."  Wasco Products, Inc. v. Southwall Technologies, Inc., 435 F.3d 989, 991 (9th Cir. 2006) (emphasis added).  An opposition to a motion is not a pleading as defined by Federal Rule of Civil Procedure 7(a).

that failure to file objections within the specified time may waive the right to appeal the District

Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:**    **June 21, 2010**                          _____/s/ Sheila K. Oberto_____
                                                                   UNITED STATES MAGISTRATE JUDGE