# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI COLEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>DERRAL G. ADAMS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:06-cv-00836-AWI-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENA FOR PRODUCTION OF DOCUMENTS<br><br>Doc. 73 |

## I. Procedural History

On June 29, 2006, Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On May 6, 2009, the Court found a cognizable Eighth Amendment claim for deliberate indifference to medical need as to Plaintiff's vision problems and falling from his top bunk. Doc. 18. On September 3, 2010, the Court issued a discovery and scheduling order, setting a discovery deadline of May 3, 2011. Doc. 55. On May 23, 2011, the Court granted Plaintiff's motion for extension of the discovery deadline, setting a revised discovery deadline of August 1, 2011. Doc. 65. On August 4, 2011, the Court granted Defendants' motion for extension of time to respond to Plaintiff's discovery requests, setting a deadline of August 29, 2011. Doc. 67. On October 6, 2011, the Court granted Defendants' motion for extension of the dispositive motion deadline, setting a revised dispositive motion deadline of November 7, 2011. Doc. 69. On October 6, 2011, Defendants filed a motion for summary judgment. Doc. 70. On November 15, 2011, Plaintiff filed a motion for subpoena for production of documents from a

1  nonparty, i.e., custodian of consumer employee records. Doc. 73. On March 9, 2012, Plaintiff filed
2  an opposition to the motion for summary judgment, memorandum of points and authorities,
3  statement of undisputed facts, exhibits, and response to Defendants' statement of undisputed facts.
4  Docs. 75-79. On March 26, 2012, Defendants filed reply to Plaintiff's opposition to the motion for
5  summary judgment. Doc. 82. This matter is deem submitted pursuant to Local Rule 230(l).

## II. Analysis

First, subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents or tangible things from a nonparty, and to service of the subpoena by the United States Marshal. Fed. R. Civ. P. 45; 28 U.S.C. § 1915(d). However, the Court will consider granting such a request only if the documents or tangible things sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents or tangible things. Fed. R. Civ. P. 34. If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step. If the Court rules that the documents or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena of a nonparty. Alternatively, if the Court rules that the documents are not discoverable, the inquiry ends. The Court will not issue a subpoena for a nonparty individual without Plaintiff first following the procedure outlined above.

Second, the Court extended the discovery deadline to August 1, 2011. Doc. 65. In Defendants' motion to extend the dispositive motion deadline to November 7, 2011, Defendants stated that discovery had not been completed. Doc. 68. Plaintiff did not move to extend the discovery deadline. Therefore, Plaintiff's motion for subpoena, filed after the discovery deadline, is untimely. Despite his pro se status, Plaintiff is not entitled to any latitude for the untimeliness. *See Fingerhut Corp. v. Ackra Direct Mktg. Corp.*, 86 F.3d 852, 856–57 (8th Cir. 1996) (stating that pro se representation does not excuse a litigant from complying with court orders); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (explaining that although courts should liberally construe pro se plaintiffs' legal arguments and strictly construe their compliance with procedural requirements); *see also Carter v. Comm'r*, 784 F.2d 1006, 1008–09 (9th Cir.1986) (noting that pro se plaintiffs must follow the rules of the court). Therefore, Plaintiff's motion for subpoena is untimely. Fed. R. Civ.

P. 16(b).

Third, Plaintiff does not demonstrate how the documents are relevant to the allegations in his complaint. Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). In Plaintiff's motion for subpoena, Plaintiff requests weekly tracking reports to identify overdue appeals. Since Plaintiff's claim is Eighth Amendment claim deliberate indifference to medical need as to Plaintiff's vision problems and falling from his top bunk, overdue appeals are not relevant to Plaintiff's claim.

### III. Conclusion

The Court finds that Plaintiff did not demonstrate that he followed the proper procedure to request a subpoena for a nonparty individual; that Plaintiff's discovery motion is untimely; and that Plaintiff's discovery request is not relevant to his pending claim. Based on the foregoing analysis, Plaintiff's motion for subpoena is DENIED.

IT IS SO ORDERED.

Dated:   April 13, 2012

UNITED STATES MAGISTRATE JUDGE