UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI COLEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>A. QUEZADA, et al.,<br><br>    Defendants. | Case No.: 1:06-cv-00836-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT<br><br>[ECF No. 114] |

    Plaintiff Saahdi Coleman is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On June 10, 2014, Plaintiff filed a motion for entry of default against Defendants J.H. Close and A. Quezada. Entry of default is not warranted. Defendant Quezada filed an answer to the complaint on April 25, 2014, and after receiving an extension of time on the basis of good cause, Defendant Close filed an answer to the complaint on June 27, 2014.

    On April 8, 2013, the U.S. Marshal returned a waiver of service executed by Defendant Close. (ECF NO. 103.) Based on the waiver, a responsive pleading by Defendant Close was due by May 13, 2013. However, on March 27, 2013, the Court entered judgment in favor of Defendants and ordered the action closed in its entirety. (ECF Nos. 101, 102.)

    On May 22, 2014, the Court vacated the judgment as to Defendants Deering, Close, and Quezada and re-opened the action. (ECF No. 107.)

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).  A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment.  See Draper v. Coombs, 792 F.2d 915, 924-925 (9th Cir. 1986).  Rather, granting or denying relief is entirely within the Court's discretion.  Id.

Inasmuch as Defendants Close and Quezada have filed an answer to Plaintiff's complaint, entry of default is not warranted.  Indeed, Defendant Close's June 9, 2014, request for an extension of time to file a response, defense counsel declares that "[Plaintiff] agreed that [he] could inform the Court that he would withdraw any request for default that may have been filed and that he did not oppose my requesting an extension of time to June 27, 2014, to file a responsive pleading." (ECF No. 112, at 3:20-22.)  A formal written stipulation was not prepared because the time-sensitive need to avoid entry of default.  On the present record, there is no basis for the entry of default against Defendants Close and/or Quezada and Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:   **July 1, 2014**

UNITED STATES MAGISTRATE JUDGE